UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNA VELASCO,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FALLBROOK UNION ELEMENTARY SCHOOL DISTRICT,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 3:23-cv-01469-LL-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**[ECF No. 14]** |

Before the Court are (1) the parties' joint motion extend the fact discovery deadline, and (2) the parties' joint email request to extend the expert discovery deadlines. ECF No. 14; Email to Chambers (Mar. 26, 2024, at 8:49 AM).

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 11 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties filed a joint motion extend the fact discovery deadline to facilitate the completion of the deposition of Defendant's Rule 30(b)(6) witness, which had been delayed due to the deponent's availability. ECF No. 14 at 2. Thus, the parties requested that the fact discovery deadline be extended by one month, from April 3 to May 3, "for the sole purpose of conducting [the Rule 30(b)(6)] depositions." *Id*. at 1. The parties represented to the Court that they "do not believe that the requested schedule will have any impact on the schedule for the case, other than to extend the fact discovery deadline for the limited purpose of conducting the deposition(s)." ECF No. 14-1 at 2; *see also* ECF No. 14 at 2 ("the parties do not expect the agreed-upon extension to affect the overall schedule for the case"). However, the parties later clarified via email that they did intend to request an extension of other overlapping discovery deadlines. Email to Chambers (Mar. 26, 2024, at 8:49 AM). The parties clarified that they also sought an extension of the expert deadlines as follows: extending the initial expert report deadline from May 3 to June 3, the rebuttal expert report deadline from June 3 to July 3, and the expert discovery cutoff from July 3 to August 3.[1] *Id*.

Though the Court has concerns regarding the parties' failure to include their additional requests in the original joint motion, the Court appreciates that the parties are

---

[1] The Court notes that August 3, 2024, is a Saturday.

working together. Upon due consideration and good cause appearing, the Court **GRANTS IN PART** the parties' Joint Motion (ECF No. 14) as follows:

    1.    **April 3, 2024** *remains* the deadline for completion of fact discovery, except for the following:

        a.    The deposition(s) of Defendant's Rule 30(b)(6) witness(es) must be taken on or before **May 3, 2024**.

    2.    The parties must designate their respective experts in writing on or before **June 3, 2024**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid. This requirement is not limited to retained experts. The date for exchange of rebuttal experts must be on or before **July 3, 2024**. The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony**.** Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

    3.    All expert disclosures required by Federal Rule of Civil Procedure 26(a)(2) shall be served on all parties on or before **June 3, 2024**. Any contradictory or rebuttal information shall be disclosed on or before **July 3, 2024**. In addition, Federal Rule of Civil Procedure 26(e) imposes a duty on the parties to supplement the expert disclosures made pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) by the time that pretrial disclosures are due under Federal Rule of Civil Procedure 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other

1  designated matters in evidence.

2      4.    All expert discovery must be completed by all parties on or before **August 5, 2024**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery. ECF No. 11 at ¶ 3.

5      5.    All other deadlines set forth in the Court's Scheduling Order (ECF No. 11) **remain unchanged**, except as explicitly modified by this Order.

    **IT IS SO ORDERED.**

Dated: March 29, 2024

                                    Honorable Allison H. Goddard
                                    United States Magistrate Judge